UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYAN SHEETS,

     Plaintiff,

v.                                    Case No: 2:25-cv-667-JES-KRH

AMBER GRAY, in individual
capacity, and CITY OF PUNTA
GORDA,

     Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of the Motion to Dismiss (Doc. #19) filed on September 30, 2025 by Defendants Amber Gray ("Officer Gray") and the City of Punta Gorda ("the City"). Plaintiff Andrew Bryan Sheets ("Sheets") filed a Response (Doc. #31). For the reasons set forth below, Defendant's motion is granted in part and denied in part.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)

(citation omitted).    As the Eleventh Circuit has recently summarized:

> When reviewing a motion to dismiss, we accept the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim is facially plausible if the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  This plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. When making the determination of whether a complaint states a plausible claim, we draw on our judicial experience and common sense.
>     . . .
> We use a two-step process to determine whether a claim survives Rule 12(b)(6) scrutiny. At the outset, we determine what must be pled for each cause of action.  . . .  Then, we consider the well-pleaded factual allegations . . . to determine whether they plausibly suggest an entitlement to relief.

Caterpillar Fin. Services Corp. v. Venequip Mach. Sales Corp., 147 F.4th 1341, 1346–47 (11th Cir. 2025) (citations and internal punctuation omitted).

A pleading drafted by a party not represented by counsel (a pro se party) is held to a less stringent standard than one drafted by an attorney, and the Court will construe such pleadings liberally.  Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015). But "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise

2

deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014). "[A] pro se pleading must suggest (even if inartfully) that there is at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." Jones, 787 F.3d at 1107.

**II.**

The following facts are derived from the operative pleading, the Amended Complaint (Doc. #15). On July 25, 2021, Sheets received a citation from Officer Gray for violation of Punta Gorda Code Section 14-2 ("the Ordinance") after the Punta Gorda Police Department received a complaint that music containing "extremely graphic lyrics" could be heard from inside the complainant's residence. (Id. at 7.) The Ordinance, entitled "Annoying instruments and crying of goods on streets" states the following:

> The operation of juke organs, phonograph machines, sound wagons, the ringing of bells, crying of goods, the sounding of steam whistles, the playing of hand organs or other annoying instruments of any character, in the streets, alleys or other public places in the City without a special permit from the City Council, are hereby prohibited. All of same are hereby declared to be nuisances and their abatement is hereby ordered and directed.

Punta Gorda Code of Ordinances, Chapter 14, Section 14-2.

According to Sheets, at the time that Officer Gray issued the citation, he had been protesting the City's indecent sign ordinance on a public sidewalk by playing through a bullhorn a recording of a song that contained vulgar lyrics.  (Doc. #15 at 6.)  The song, according to Sheets, was a form of protest and thus constituted expressive speech.  (Id.)

Sheets first brought suit against Officer Gray and the City on July 25, 2025 (Doc. #1).  On September 16, 2025, he filed an Amended Complaint (Doc. #15) (the operative pleading) raising claims pursuant to Section 1983 against Officer Gray for First Amendment viewpoint discrimination (Count I) and First Amendment retaliation (Count II).  In Count III, Sheets raises a claim against the City, asserting that that the Ordinance is unconstitutional both facially and as applied.  (Doc. #15 at 4.)[1]

Defendants filed the instant Motion to Dismiss (Doc. #19) on September 30, 2025, seeking dismissal of the operative pleading for various reasons.  The Court discusses each in turn.

**III.**

**A. Claims Against Officer Gray**

---

[1] Sheets purports to raise claims for false arrest in the injuries section of the operative pleading, but those purported claims are insufficiently pled to be considered.

In Counts I and II, Sheets brings claims against Officer Gray for First Amendment discrimination and retaliation.  Defendants assert that Officer Gray is entitled to qualified immunity based on the allegations in the operative pleading.

The First Amendment, as applied to the States through the Due Process Clause of the Fourteenth Amendment, bars government bodies from "abridging the freedom of speech."  U.S. Const. amend. I; Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1268 (11th Cir. 2004).  Accordingly, police departments and their officers are not permitted to "regulate speech in ways that favor some viewpoints or ideas at the expense of others[,]" nor retaliate against speakers for exercising their freedom of speech.  See Sheets v. Angelini, No. 2:25-CV-644-KCD-DNF, 2026 WL 482413, at *2 (M.D. Fla. Feb. 20, 2026) (quoting Moms for Liberty-Brevard Cnty., FL v. Brevard Pub. Schs., 118 F.4th 1324, 1331 (11th Cir. 2024) and citing Bell v. Sheriff of Broward Cnty., 6 F.4th 1374, 1376 (11th Cir. 2021)).  Where either discrimination or retaliation occur, 42 U.S.C. § 1983 "creates a cause of action against any person who deprives someone of their federally protected rights under color of state law."  Id. (internal citations and quotations omitted).  Critically, however, qualified immunity can stand in the way.  Id.

"Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Castro-Reyes v. City of Opa-Locka, 166 F.4th 886, 896 (11th Cir. 2026) (quoting Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002)) (internal quotation marks omitted). To determine whether a government official is entitled to the protections of qualified immunity, the court must engage in a burden-shifting analysis. Hughes v. Locure, 166 F.4th 121, 127 (11th Cir. 2026) (quoting Brooks v. Miller, 78 F.4th 1267, 1280 (11th Cir. 2023)). First, the government official must show that she was acting within the scope of her discretionary authority. Id. "A government official is not entitled to qualified immunity if [s]he was not 'acting within the scope of h[er] discretionary authority when [s]he committed the challenged acts.'" Id. (citing Brooks, 78 F.4th at 1280).

Once the government official has met her burden of showing that she was acting within the scope of her discretionary authority at the time of the challenged act, the burden then shifts to the complaining party to show that qualified immunity is inappropriate. The complaining party must establish that "(1) the government actor violated his constitutional or statutory right

6

and (2) the unconstitutionality of that conduct was clearly established at the time of the violation.  Id. (citing Wilson v. Sec'y, Dep't of Corr., 54 F.4th 652, 660 (11th Cir. 2022)).

"The Fourth Amendment protects people from unreasonable seizures." Marbut v. Phillips, No. 24-13309, 2026 WL 1450270, at *4 (11th Cir. May 22, 2026) (quoting Ingram v. Kubik, 30 F.4th 1241, 1250 (11th Cir. 2022)).  A seizure, as opposed to an arrest, "occurs when an officer uses 'physical force or [a] show of authority' that would lead a 'reasonable person [to] feel [he is not] free to terminate the encounter.'"  Marbut, 2026 WL 1450270 at *4 (quoting May v. City of Nahunta, 846 F.3d 1320, 1327 (11th Cir. 2017)).  There is no question that law enforcement officers such as Officer Gray act within the scope of their discretionary authority when temporarily seizing a person suspected of violating the law.  See Andre v. Clayton Cnty., Georgia, 148 F.4th 1282, 1298 (11th Cir. 2025) (discretionary authority prong met when officers temporarily seized passengers on jet bridge at airport as part of drug-interdiction program.)

Since Officer Gray established that she was acting within the scope of her discretionary authority, the burden shifts to Sheets to show that qualified immunity is inappropriate under the facts. Citing Lloyd Corp. v. Turner, 407 U.S. 551, 559 (1972), Sheets refers generally to his clearly established right to protest on a

public sidewalk.  (Doc. #31 at 6-7.)  To be sure, peaceful protest is an expressive activity that constitutes protected speech under the First Amendment.  See Unted States v. Grace, 461 U.S. 171, 176 (1983).  However, "the First Amendment does not guarantee the right to communicate one's views at all times and places or in any manner that may be desired."  Heffron v. Int'l Soc. for Krishna Consciousness, Inc., 452 U.S. 640, 647 (1981).  Noise ordinances typically do not violate the First Amendment "if they are content-neutral and do not single out any specific type of speech, subject-matter, or message."  City of Cincinnati v. Discovery Network, Inc., 507 U.S. 410, 428 (1993).

Although Sheets is correct in his assertion that peaceful protest is a protected First Amendment activity, it is evident that his right to protest did not allow him to play a recording of his protest song loudly through a bullhorn on a public street. Sheets has not cited a clearly controlling case that "applies to the specific situation in question here[,]" namely, the broadcasting of music loudly electronically amplified with a bullhorn on a public street.  Sheets has failed to meet his burden of identifying clear precedent with materially similar facts sufficient to confer fair warning on Officer Gray that she was violating Sheets's constitutional rights.  See Jackson v. Sauls, 206 F.3d 1156, 1165 (11th Cir. 2000).  Accordingly, because Sheets

8

has failed to establish a clearly established right under these facts, the Court finds that Officer Gray is entitled to qualified immunity.[2]

**B. Claims Against the City**

In Count III of the operative pleading, Sheets brings a First Amendment claim against the City, asserting that the Ordinance is unconstitutional both facially and as applied to him.  (Doc. #15 at 5.)  Defendants aver that Sheets has failed to state a claim in Count III because the City's Ordinance is viewpoint and content neutral, reasonable, and not unconstitutionally vague.  (Doc. #19 at 10-15.)  The Court will address each challenge in turn.

**(1)  Facial Challenge**

A facial challenge seeks "to invalidate a statute or regulation itself."  United States v. Frandsen, 212 F.3d 1231, 1235 (11th Cir. 2000).  Sheets asserts a facial challenge to the restraints on speech imposed by the Ordinance on three separate theories: that the Ordinance is "vague, overbroad, and grants unbridled discretion to suppress protected speech."  (Doc. #15 at 5.)

---

[2] Defendants assert that Officer Gray had probable cause to issue a citation against Sheets under the "any offense" doctrine.  The Court notes, however, that that rule has not been extended beyond Fourth Amendment False Arrest cases in this circuit.  See Williams v. Aguire, 965 F.3d 1147, 1162 (11th Cir. 2020).

The void for vagueness doctrine serves two central purposes "(1) to provide fair notice of prohibitions, so that individuals may steer clear of unlawful conduct; and (2) to prevent arbitrary and discriminatory enforcement of laws." Tracy v. Fla. Atl. Univ. Bd. of Trs., 980 F.3d 799, 809 (11th Cir. 2020). Vagueness occurs "when a statute is so unclear as to what conduct is applicable that persons of common intelligence must necessarily guess at its meaning and differ as to its application." Id. (quoting Mason v. Fla. Bar, 208 F.3d 952, 959 (11th Cir. 2000) (internal quotation marks omitted)).

The overbreadth doctrine, on the other hand, "prohibits the [g]overnment from banning unprotected speech if a substantial amount of protected speech is prohibited or chilled in the process." Ashcroft v. Free Speech Coal., 535 U.S. 234, 255 (2002). Generally, the overbreadth doctrine only applies where, like here, the language of a statute or ordinance makes access to a forum for speech contingent upon issuance of a license or permit. DA Mortg., Inc. v. City of Miami Beach, 486 F.3d 1254, 1269 (11th Cir. 2007).

Finally, a permitting scheme may be facially challenged where it "vests unbridled discretion in a government official over whether to permit or deny expressive activity." Tracy, 980 F.3d at 809. "Excessive discretion . . . is constitutionally suspect because it creates the opportunity for undetectable censorship and

10

signals a lack of narrow tailoring." <u>Burk v. Augusta-Richmond Cnty.</u>, 365 F.3d 1247, 1256 (11th Cir. 2004). To avoid invalidation of a permitting scheme "a government entity must promulgate 'narrowly drawn, reasonable, and definite standards to guide the official [decisionmaker's] decision.'" <u>Jarrard v. Sheriff of Polk Cnty.</u>, 115 F.4th 1306, 1321 (11th Cir. 2024) (quoting <u>Tracy</u>, 980 F.3d at 809).

The Amended Complaint sufficiently alleges facts which may justify a finding that the Ordinance violates the First Amendment on its face. Sheets's challenges survives dismissal, and Defendants' Motion to Dismiss is denied as to Sheets's facial challenge to the Ordinance.

### (2)  As-Applied Challenge

"Where plaintiffs challenge the validity of a statute because they seek to vindicate their own rights, however, the challenge is 'as-applied.'" <u>DA Mortg., Inc.</u>, 486 F.3d at 1262. In other words, "[a]n as applied challenge is just what it sounds like — we ask whether the policy was or can be constitutionally applied to the plaintiffs' protected activity." <u>Moms for Liberty - Brevard Cnty., FL v. Brevard Pub. Sch.</u>, 118 F.4th 1324, 1333 (11th Cir. 2024).

In their Motion to Dismiss, Defendants assert that Sheets's as-applied challenge to the Ordinance must fail because "[t]he face of Plaintiff's complaint clearly indicates that he violated

the City's ordinance and that it was not applied in an unconstitutional manner." (Doc. #19 at p. 14.) But reading these facts in a light most favorable to Sheets, as the Court is required to do at this stage in the proceedings, Sheets's broadcast of the recorded song – notwithstanding any profanity used within that song –[3] could be protected expressive speech.

As alleged on the face of the operative pleading, Sheets has alleged a plausible claim that the City exercised standardless power to silence his protected expression. Because the City lacked narrow, objective, and definite criteria to guide its enforcement, its decision to cite Sheets — thereby halting his speech — constituted an unconstitutional application of that power. Because Sheets has sufficiently pled that the City utilized an invalid grant of authority to suppress his specific speech, for purposes of the instant Motion to Dismiss, Sheets's as-applied challenge to the Ordinance survives.

Accordingly, it is now

**ORDERED:**

---

[3] A government entity is not permitted to regulate speech simply on the basis of profanity. See Cohen v. California, 403 U.S. 15 (1971) (recognizing that the "simple public display" of a "four-letter expletive" could not be made a criminal offense consistent with the First Amendment because "one man's vulgarity is another's lyric.").

Defendants' Motion to Dismiss (Doc. #19) is **GRANTED in part and DENIED in part as follows.**

1. The Motion to Dismiss in granted as to Count I and Count II and Defendant Amber Gray is dismissed from the Complaint (Doc. #15).

2. The Motion to Dismiss is denied as to Count III.

**DONE AND ORDERED** at Fort Myers, Florida, this __11th__ day of June 2026.

_____

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record